| | | |
|---|---|---|
| KEYTRON JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:13-cv-186-PPS |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Keytron Johnson is a prisoner at the Miami Correctional Facility, and he seeks review of

disciplinary sanctions imposed by the prison. Here's what happened: a guard reported hearing

Johnson talking to someone even though he was in a cell by himself. When the guard entered the

cell and frisked him, the guard discovered a small rectangular object in his pocket. The guard

ordered Johnson to give him the object, but instead Johnson threw it to the lower range. Before

another inmate flushed it down the toilet, the guard saw that it was a mobile phone. Johnson was

charged with Possessing an Electronic Device in violation of B207. At his prison disciplinary

hearing, the hearing officer changed the charge to Fleeing/Resisting in violation of B235 and

found him guilty. Johnson was sanctioned with the loss of 90 days earned credit time and

demoted from credit class 1 to credit class 2. Though these sanctions were originally suspended,

they were subsequently imposed.

Upon review, the Final Reviewing Authority changed the charge back to Possessing an

Electronic Device in violation of B207 and affirmed the sanctions. Johnson lists four grounds in

his petition for a writ of habeas corpus under 28 U.S.C. § 2254, and a fifth in his reply brief.

Though it does not appear he presented any of them to the Final Reviewing Authority as

required, *see Moffat v. Broyles*, 288 F.3d 978, 982 (7th Cir. 2002), I will deny them on the merits anyway. *See* 28 U.S.C. § 2254(a)(2).

First, Johnson argues that he was denied a lay advocate. However a lay advocate is only required when the inmate is illiterate or the issues are complex. *Wolff v. McDonnell*, 418 U.S. 539, 570 (1974); *see also Miller v. Duckworth*, 963 F.2d 1002, 1004 (7th Cir. 1992); *Wilson-El v. Finnan*, 263 Fed. Appx. 503, 506 (7th Cir. 2008). Because Johnson is not illiterate and this case is not complex, it was not a due process violation to have denied Johnson a lay advocate. Therefore, this is not a basis for habeas corpus relief.

Second, Johnson argues that he was not given 24 hours' notice of the B235 Fleeing/Resisting charge of which he was found guilty. Though inmates are entitled to 24 hours' notice of the factual basis of the charge against them before a hearing on that charge, Johnson waived this right. *See* DE 13-2. Moreover, it is the factual basis of the charge that is relevant, not the name of it or the code number assigned to the violation. *See Northern v. Hanks*, 326 F.3d 909, 911 (7th Cir. 2003). Here, the facts presented in the Conduct Report clearly state that Johnson did more than merely having a prohibited device, and also more than merely refusing to give the guard the phone when ordered to do so – he physically resisted by throwing the phone to other inmates who ultimately flushed it down a toilet.

Johnson argues that Fleeing/Resisting had nothing to do with the actions on the conduct report. (Petition at 5.) I disagree. The facts on the conduct report are the basis of the Fleeing/Resisting charge, and so they were sufficient to alert Johnson to the factual basis of the ultimate charge and to allow him to defend against the charge. Johnson knew the actions of which he stood accused, regardless of which rule those actions were charged to have violated.

Because the new charge was consistent with and based upon the facts in the conduct report, it was not a due process violation to have changed the charge at the hearing. Therefore, this is not a basis for habeas corpus relief.

Third, Johnson argues that it was improper for the hearing officer to have changed the charges against him and that it was done in retaliation for his refusal to plead guilty. As explained previously, it was not improper for the hearing officer to have changed the charges. Nor did doing so demonstrate bias because the revised charge was legitimate given the facts described in the conduct report. Additionally, the Final Reviewing Authority ultimately changed the charge back to Possessing an Electronic Device, but affirmed the sanctions. This indicates that whichever name was applied to the infraction, the penalty was the same, so changing the charge had no retaliatory effect in producing a harsher penalty. Furthermore, due process is satisfied so long as no member of the disciplinary board has been personally involved in the incident or its investigation. *Piggie v. Cotton*, 342 F.3d 660, 667 (7th Cir. 2003). What this means is that a guard who writes a conduct report or who witnesses or investigates an incident cannot also be the hearing officer. Here, the hearing officer merely read the report and selected a charge that was factually consistent with the conduct report that had been written by another officer. The hearing officer appears to have changed the charge based on the conduct report, and there is no suggestion that the hearing officer changed the charge based on independent knowledge of the facts underlying the incident. There is no due process violation here and this is not a basis for habeas corpus relief.

Fourth, Johnson argues that he has a liberty interest in his good time credits and that he lost his prison job. Though it is true that prisoners have a liberty interest in their good time

credits, that merely means that they can file a habeas corpus petition challenging the loss of those credits. It is not (on its own) a basis for restoring lost credits. To do that, the inmate must demonstrate that a due process violation occurred in connection with the hearing where he was deprived of those credits. Here, Johnson has not demonstrated a due process violation, and therefore he is not entitled to habeas corpus relief. Moreover, Johnson does not have a liberty or property interest in his prison job, *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000); *Holsey*, No. 90-3072, 1991 U.S. App. LEXIS 27397, at *4-5 (7th Cir. Nov. 8, 1991), and the loss of a job is not challengeable in a habeas corpus proceeding. *Cochran v. Buss*, 381 F.3d 637, 641 (7th Cir. 2004).

Finally, in his reply brief, Johnson argues that there was no evidence against him. Though he did not argue in his habeas corpus petition that there was insufficient evidence to support finding him guilty of either Possessing an Electronic Device or Fleeing/Resisting, I will address both of these questions. In reviewing a prison disciplinary hearing to determine if due process was lacking, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). There must be *some* evidence such that the board's finding isn't arbitrary, but I need not review the entire record and reassess all of the evidence. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Superintendent*, 472 U.S. at 457. Even a Conduct Report alone can be sufficient evidence to support a finding of guilt. *McPherson*, 188 F.3d at 786. Such is the case here. Johnson focuses on the fact that there was no phone submitted into evidence during his hearing, but that is both

irrelevant and not surprising since it was flushed down the toilet.  The guard's statement in the

Conduct Report is sufficient evidence to support a finding that Johnson possessed a prohibited

electronic device.  It is also sufficient evidence to support a finding that Johnson physically

resisted the guard by throwing the phone to the lower level rather than giving it to the guard as

ordered. In other words, the activities described in the Conduct Report is sufficient evidence of

both infractions.

For the foregoing reasons, the habeas corpus petition is **DENIED**.

**SO ORDERED**.

ENTERED: January 13, 2014.

/s/ Philip P. Simon
**Philip P. Simon**
**Chief Judge**
**United States District Court**